```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| JOSEPH CRUZ, | : | |
| Petitioner, | : | Civil Action No. 11-2640 (WJM) |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
| GREG BARTKOWSKI et al., | : | |
| Respondents. | : | |

IT APPEARING THAT:

1. On July 12, 2010, Joseph Cruz ("Petitioner"), an inmate confined at New Jersey State Prison, Trenton, New Jersey, executed a pro se Petition seeking a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, and submitted his application to proceed in forma pauperis. The Court will grant Petitioner's application to proceed in forma pauperis and will dismiss his Petition as untimely.

2. The Petition asserts that, on April 20, 2001, Petitioner was sentenced on a panoply of different state charges; a life prison term (with, seemingly, thirty-five years of parole ineligibility) was imposed on the basis of these charges. See Docket Entry No. 1, ¶¶ 2 and 3.

3. According to the Petition:
   a.  Petitioner appealed his conviction and sentence; and
   b.  on February 6, 2003, the Superior Court of New Jersey, Appellate Division, affirmed Petitioner's conviction and sentence. See id., ¶9.

4.  Apparently unsatisfied with the Appellate Division's determination, Petitioner sought certification from the Supreme Court of New Jersey, which denied him certification on May 20, 2003.  See id.

5.  The Petition clarifies that Petitioner sought post-conviction relief ("PCR"), the application for which was filed on March 17, 2006, see id., ¶10, and denied by the Superior Court of New Jersey, Law Division, on November 17, 2006.  See id.  Although the Petition is silent as to any appellate proceedings related to Petitioner's RCP, the Court's own research revealed that Petitioner presented his challenges to the Appellate Division (which affirmed the trial court's decision), and the Supreme Court of New Jersey denied Petitioner certification as to his PCR on July 30, 2010.  See State v. Cruz, 203 N.J. 437 (2010).

6.  Nine months later, that is, on May 2, 2011, Petitioner executed the Petition at bar.[1]  See Docket Entry No. 1, at 19.

---

[1] Under the "prisoner mailbox rule," the litigant's submission is deemed filed as of the date when the prisoner hand delivered the submission to his/her prison officials for mailing to the district court, that is, provided that such mailing is eventually – but in fact – received by the district court.  See Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998).  Since it is self-evident that Petitioner could not have delivered his Petition to his prison officials prior to the date of its execution, the Court – construing the known facts in light most favorable to Petitioner for the purposes of the instant Memorandum Opinion and Order – presumes that the Petition was "filed" on May 2, 2011, although it is indeed plausible that such filing actually took place on a later date.

7.  On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). For the purposes of Petitioner's Application, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. Here, Petitioner's AEDPA period of limitations began to run 90 days after the Supreme Court of New Jersey issued its decision as to his direct appeal, i.e., 90 days after May 20, 2003, and expired one year later, that is, in August 2004, more than a year and a half prior to Petitioner's filing of his PCR.

8.  The statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161

3

(3d Cir. 2003); <u>Miller v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 617-18 (3d Cir. 1998).

9. Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), provided that the application to the state court seeking collateral review was filed during the period of limitations.

10. Here, however, no statutory tolling associated with Petitioner's filing of his PCR is applicable to the Court's analysis, since Petitioner filed his PCR many months after his period of limitations expired. <u>See</u> <u>Long v. Wilson</u>, 393 F.3d 390, 394-95 (3d Cir. 2004); <u>Schlueter v. Varner</u>, 384 F.3d 69, 78-79 (3d Cir. 2004).

11. The AEDPA statute of limitations is also subject to equitable tolling. <u>See</u> <u>Holland v. Florida</u>, 130 S. Ct. 2549 (2010), <u>Miller v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 618 (3d Cir. 1998). "[A] litigant seeking equitable tolling [would] bear[] the burden of establishing two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 125 S. Ct. 1807, 1814 (2005); <u>see</u> <u>also</u> <u>Holland</u>, 130 S. Ct. 2549. The Third Circuit instructs that equitable

4

tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); see also Holland, 130 S. Ct. 2549 (same). Mere excusable neglect is not sufficient. See id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where: (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Moreover, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances

therefore did not prevent timely filing."[2]  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

12. Since the Petition, as it stands now, is entirely silent as to any circumstances that might prompt this Court to consider equitable tolling applicable to the entirety of the period from August 2005 to May 2011 (and since the Petition unambiguously indicates that Petitioner could litigate his claims and, indeed, did litigate them during his PCR proceedings), this Court is constrained to deem the Petition untimely and to dismiss it accordingly, without reaching the issue of due exhaustion of Petitioner's current claims or the merits of these claims.[3]

---

[2]  In Holland, the record revealed that petitioner's appointed attorney failed to file a timely federal petition, despite petitioner's many letters emphasizing the importance of doing so; that the attorney did not do the research necessary to find out the proper filing date, despite petitioner identifying the applicable legal rules for him; that attorney failed to inform petitioner in a timely manner that the State Supreme Court had decided his case, despite petitioner's many pleas for that information; that the attorney failed to communicate with petitioner over a period of years, despite petitioner's pleas for responses to his letters; and that petitioner repeatedly requested the state courts to remove the attorney from his case. In light of these and other facts, the Supreme Court found that such totality of circumstances may -- although not must -- warrant equitable tolling. See Holland, 130 S. Ct. 2549.

[3]  Although the Petition at hand appears time barred, this Court is mindful of Petitioner's pro se litigant status and cannot rule out the possibility that Petitioner: (a) has valid grounds to seek equitable tolling; but (b) somehow omitted to address this vital issue in his instant application. In the

**THEREFORE IT IS** on this 8th day of June, 2010,

**ORDERED** that Petitioner's application to proceed in this matter in forma pauperis is granted; and it is further

**ORDERED** that Petition is dismissed, as untimely, pursuant to 28 U.S.C. § 2254; and it is further

**ORDERED** that the Court denies Petitioner a certificate of appealability, pursuant to 28 U.S.C. § 2253(c);[4] and it is finally

---

event Petitioner has bases to hold a bona fide belief that his Petition is timely, the Court strongly encourages Petitioner to seek reconsideration of the instant Order.  To that effect, the Court notes that Petitioner's motion for reconsideration need not be a formal submission, and a mere written statement of pertinent facts would suffice (although Petitioner's discussion of these facts must be detailed and shall address the entirety of the period at issue, i.e., from May 1, 2006, to July 12, 2010).  In the event Petitioner timely submits such application, see Local Civil Rule 7.1(i) (providing that a motion for consideration "shall be served and filed within 14 days after the entry of the order or judgment"), this Court will direct the Clerk to reopen the instant matter and will examine the facts set forth in Petitioner's motion for reconsideration.

[4]  The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA") on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

**ORDERED** that the Clerk shall serve this Order upon Petitioner by regular U.S. mail and close the file in this matter.

s/William J. Martini

_____
**WILLIAM J. MARTINI,
United States District Judge**